**DONALDSON TECHNOLOGY GROUP LLC et al.  Plaintiffs**

v.

**LANDSTAR RANGER, INC. et al.  Defendants**

No. C–1–03–402.

United States District Court, S.D. Ohio, Western Division.

July 13, 2004.

Mary Michele Fleming, Stephanie K. Bowman, Cincinnati, OH, for Plaintiffs.

Bradley Abbott Wright, Roetzel & Andress, Akron, OH, Geraldine Maria Johnson, Cincinnati, OH, Mickey Raymond Dragash, Sallie A. Conyers, Roetzel & Andress, Cincinnati, OH, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

DLOTT, District Judge.

This matter comes before the Court on Defendants Landstar Ranger Inc. ("Landstar Ranger"), Troy Davis, Risk Management Claim Services, Inc. ("Risk")'s[1] Motion to Dismiss or Transfer Venue (doc. # 15). For the reasons set forth below, the Court **GRANTS** Defendants' motion to transfer and **TRANSFERS** the case to the Southern District of Indiana, Indianapolis Division.

## I. FACTUAL BACKGROUND

On or about December 11, 2002, Plaintiff Donaldson Technology group LLC ("Donaldson"), an Ohio corporation, entered into a contract to sell a machine known as a CNC router to Thermocore Panels Systems ("Thermocore") in Mooresville, Indiana. Donaldson then contracted to buy the router from its manufacturer, Mul-

tiCam, in Irving, Texas. MultiCam built the router in Texas and hired Defendant Northstar Transportation Systems ("Northstar") as the transportation broker to arrange transportation of the router from MultiCam in Texas to Thermocore in Indiana. Northstar hired Landstar Ranger to undertake the transportation. The Bill of Lading indicates that shipping costs were to be billed to Donaldson in Ohio. On or about January 15, 2003, truck driver Troy Davis picked up the router from MultiCam. Landstar Ranger contends that Troy Davis is an independent contractor operating as Southgate Motor Freight ("Southgate") who provides truckload transportation services on behalf of Landstar Inway, Inc. ("Landstar Inway") and Landstar Ranger. (Doc. # 15 at 2.) According to Landstar Ranger, when it was hired by Northstar to transport the router, it forwarded all information to Landstar Inway, and Landstar Inway arranged transportation. Landstar Inway subsequently acquired all state highway permits necessary to transport a load of the router's dimensions. (Doc. # 15 at exh. A.) John O'Dell, director of Risk, testified that Landstar Inway dispatched the shipment, and Troy Davis d/b/a Southgate transported it. (*Id.* at exh. B). At no time did the shipment enter the state of Ohio. (*Id.*)

Upon arrival in Indiana, it became apparent that the router had been damaged by the elements at some point in the transport between Texas and Indiana. Donaldson and MultiCam had the router repaired at an alleged cost of $31,678.60, which they now seek to recover from Northstar, Landstar Ranger, Davis, and Risk. On May 12, 2003, Donaldson and MultiCam filed this complaint in the Hamilton County Court of Common Pleas, alleging claims for breach of contract, negligence, and bad faith negotiations. One June 4, 2003, De-

---

1. Risk is the insurance carrier for Landstar Ranger.

fendants removed the action to this Court based upon federal question jurisdiction over the Carmack Amendment, 49 U.S.C. § 14707, *et seq.* On May 26, 2004, Donaldson and Multicam amended their complaint to include a claim under the Carmack Amendment.

## II. ANALYSIS

Defendants move to dismiss Donaldson and MultiCam's complaint or transfer the case to the Southern District of Indiana on the ground that venue is improper in Cincinnati due to the special venue provisions of the Carmack Amendment. The Carmack Amendment provides, in relevant part,

(d) Civil actions.—

(1) Against delivering carrier. A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

(2) Against carrier responsible for loss. A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 14706(d)(1) and (2). The statute's language places emphasis on the location of the operations of the carrier or the location of the damage to the goods, not the principal place of business of the plaintiff. *See New Orleans Lakal Envelope Co., Inc. v. Chicago Express, Inc.,* No. CIV. A. 99–2174, 1999 WL 1277527, *1 (E.D.La. Dec. 21, 1999); *Cargo–Master, Inc. v. Coast Midwest Transport, Inc.,* No.

Civ.A.3:97–CV–1637–G, 1998 WL 485685, *1 n. 2 (N.D.Tex. Aug. 7, 1998).

Donaldson and MultiCam contend that venue is proper in this district under § 14706(d)(1) because Landstar Ranger is the delivering carrier and it operates in Ohio. Landstar Ranger argues that it is not the delivering carrier, and even if it were, venue would not be proper in this district because it does not operate in the Southern District of Ohio. The evidence adduced by Landstar Ranger shows that Landstar Inway dispatched the router and Troy Davis d/b/a Southgate transported the router. Since Landstar Ranger is not the delivering carrier and there is neither allegation nor evidence that Davis [2] operates in Ohio or that any damage to the router occurred in Ohio, venue is improper in this district. Venue is proper in the Southern District of Indiana, where part of the damage to the router may have occurred and where Davis passed through while delivering the router. The Court therefore **GRANTS** Defendants' Motion to transfer and **TRANSFERS** the case to the Southern District of Indiana, Indianapolis Division.

IT IS SO ORDERED.

---

**2.** Landstar Inway is not a defendant to this action, and there is no evidence before the Court that Landstar Inway operates in Ohio.